

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

February 24, 1939

Hon. James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. O-318
Re: Compensation of County Treasurer

We beg to acknowledge receipt of your letter of February 7th and brief attached, pertaining to the compensation or commissions allowed a county treasurer, particularly of your county.

You ask the following question:

"After deducting the expenses which are allowed by law and $2,000.00, may a county treasurer in a county having a population of 10,469 and with a valuation of less than $6,000,000.00 retain any further commissions for his own compensation?"

In the wording of the above question submitted, you begin with a legal conclusion:

"After deducting the expenses which are allowed by law and $2,000.00......"

In the absence of facts, we would only be permitted to render this opinion on your question, omitting said phrase. With your permission, therefore, we re-state your question:

"May a county treasurer in a county having a population of 10,469 and with a valuation of less than $6,000,000.00 retain any further

The office of county treasurer is provided for by the Constitution, Article 16, Section 44, which reads as follows:

"The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a county treasurer and a county surveyor, who shall have an office at the county seat, and hold their office for two years, and until their successors are qualified; and shall have such compensation as may be provided by law."

The following statutes control and provide for the manner, rate and maximum upon which the fees or commissions allowed to the county treasurer are based:

"Art. 3941. The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commission for receiving money from his predecessor nor for paying over money to his successor in office.

"Art. 3942. The treasurers of the several counties shall be treasurers of the available public free school fund and also of the permanent county school fund for their respective counties. The treasurers of the several counties shall be allowed for receiving and disbursing the school funds one-half of one per cent for receiving, and one-half of one per cent for disbursing, said commissions to be paid out of the available school fund of the county; provided, no commissions shall be paid for receiving the balance transmitted to him by his predecessor, or for turning over the balance in his hands to his successor; and provided, that he shall receive no commissions on money transferred."

Article 3943, as amended, reads in part as follows:

"The commissions allowed to any county treasurer shall not exceed $2,000.00 annually; ...."

At the out-set, we are constrained to concur with the propositions as laid down in your brief. Under the facts cited applicable to your county such maximum compensation, including also the disbursing and receiving of the school funds, would be confined to the limits expressed in the above quoted portion of Article 3943, Revised Civil Statutes, 1925, as amended. This Department has consistently held that the county treasurer is not such an officer as designated or would come within the provisions of the maximum fee bill as originally enacted by the Acts of 1930, 41st Legislature, 4th Called Session, page 30, chapter 20 and amendments, as same included the provisions of Article 3883 and 3891, Revised Civil Statutes, 1925, as amended.

In fixing the amount of compensation which a county treasurer shall receive, as applicable to your county, the commissioners' court is confined to the provisions of the above articles set forth. Such court may reduce the rate or percentage as provided in Article 3941 or reduce the maximum commissions allowed under the statutory rate or such as fixed by the court, under no case, however, may it exceed the maximum of $2,000.00 annually. Similar questions, as, no doubt, the situation in your county will raise, have been passed on by numerous authorities and we respectfully call your attention to the following cases:

Greer vs. Hunt County (Com. of App.) 249 SW 831.

Davenport vs. Eastland, 94 Tex. 277, 60 SW 244.

Stephens vs. Mills, County, 113 SW (2nd) 944.

Shaw vs. Smith County, 29 SW (2nd) 1000.

Throckmorton County vs. Thompson (Sup. Ct.) 115 SW (2nd) 1102.

It is, therefore, the opinion of this Department that the county treasurer in a county with a population of 10,469, according/the preceding U. S. census, and with a valuation of less than $6,000,000.00, under Articles 3941, 3942 and 3943, as amended, Revised Civil Statutes, 1925, can only be allowed and may not retain as his commission or salary any sum in excess of $2,000.00 annually.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS